State
vs.          } Ind. No. 15346.
Concetta Cardillo, alias

March 27, 1930.

CAPOTOSTO, J. The defendant was tried and convicted for an assault with intent to kill one Angelina Minutelli, the mother of seven children. The affair happened on Tell Street, in the City of Providence, on the morning of March 28, 1929. The weapon used was a revolver. The assaulted party was seriously wounded and for a considerable time was in danger of death. The cause of the shooting was resentment on the part of the defendant at certain protests which Mrs. Minutelli had made with reference to the attentions which the defendant was paying to Mr. Minutelli. The defendant went to church armed with a revolver, sought Mrs. Minutelli, manoeuvred to meet her after the services, picked a quarrel, and fired the shots which inflicted serious injuries.

At the trial the defendant admitted practically everything except the firing of the shots. She claimed that her mind was a blank during the few seconds that the shots were fired. The defense, therefore, was momentary insanity. This claim was based upon general reputation for peacefulness, testified to by a few relatives and immediate friends; statements of her own nervous condition, claimed to have resulted from the accusations of Mrs. Minutelli, which were more in the nature of a self-serving declaration than assertion of fact; and the testimony of one doctor who attempted to support her theory by technical words and extra judicial facts which had been related to him privately by the defendant. The jury did not believe this story and did its duty by finding her guilty. It is to be regretted that some followers of the medical profession incautiously elect to serve the cause of expediency. Either self respect or legal restraint must ultimately purge the field of sound expert medical testimony from the incursions of those who, for temporary advantage, disregard the rights of litigants and lower the high esteem which a time honored profession so richly deserves.

The defendant filed a motion for a new trial upon the usual grounds and newly discovered evidence. Upon the hearing of this motion the defendant relied solely upon an alleged improper communication with the jury during its deliberation. In an affidavit, signed by one of the jurors, the defendant attempts to attack the conduct of the officer in charge of the jury. In arguing her motion for a new trial no mention of this charge is made by her counsel, who, at that time, saw fit to rest his case in rather indefinite terms upon the conduct of the court itself. The reason for the shifting of the complaint from the conduct of the officer to that of the court is quite obvious. The same juror who gave the defendant an affidavit also signed a counter affidavit for the State, in which all the rest of the panel joined, stating "that no suggestion of any kind was made to us by any person as to the verdict we should return as the jurors in said case; that the verdict returned by us was the result of our deliberations and was not influenced and/or directed by the suggestion of any person or persons not members of the panel in said cause."

As to the court's action, all that counsel said in general terms was that the court had communicated with the jury in the absence of the defendant. He either did not know or intentionally refrained from specifying the reason for his complaint. However, he did not remain long in his real or pretended obscurity. He was informed by the court as to what actually did occur. The foreman, in writing, asked if the jury could recommend leniency. This paper was returned to him with the addition of the word "yes" thereto by the court.

It is not for this court to review its own conduct. But it feels justified in

saying that counsel is resorting to rather desperate means when he complains of a practice which has met the approval of both bench and bar for many decades.

Our courts are not instituted to befog issues or establish ground for delay. The defendant's complaint in this instance is but another attempt to stave off that punishment which she seeks to avoid by every means at her command.

Motion for new trial denied.

For State:

For defendant: De Pasquale and Turano.